

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 10, 1977

Honorable Royce C. Johnston
Acting County Attorney
Kleberg County
Kingsville, Texas 78363

Opinion No. H-1014

Re: Authority of a city-
county recreation board
to expend funds.

Dear Mr. Johnston:

You have requested our opinion concerning the expenditure of funds by a city-county recreation board created pursuant to article 1015c-1, V.T.C.S. You explain that section 25 of the Kingsville City Charter requires competitive bidding for expenditures of more than $250.00 and ask:

1. If the City-County Recreation Board receives approval of its proposed budget for each ensuing year, is it thereafter autonomous in making expenditures within said budget without further approval of either of the participating political subdivisions?

2. Does Section 25 of the Kingsville City Charter play any part in such expenditures by said Board, and is it necessary to comply with the same?

Article 1015c-1 provides for the creation and operation of recreational facilities by cities, towns and counties. Section 6 thereof provides:

A governing body may administer and operate recreational facilities and programs through a bureau or department of recreation or through a board established jointly with another governing body. The Board shall adopt and promulgate rules and regulations for administration and operation of recreational facilities and programs in its charge subject to the approval of the establishing governing bodies.

p. 4186

There are no provisions which specifically govern the operation of a city-county recreation board created under section 6. We believe that general laws governing expenditures by cities and counties would be applicable to such a board, e.g. V.T.C.S. art. 2368a. Compare Attorney General Opinion C-359 (1964) with V-1100 (1950). There is, however, no authority requiring the application of a city charter thereto.

Article 4413(32c), V.T.C.S., the Interlocal Cooperation Act, provides authority for agreements between local governments to perform governmental functions, including services in the areas of parks and recreation. Sec. 3(2). Section 4(c) provides that the rules, regulations and ordinances of either government may be made applicable to the service to be performed as required by the agreement. Section 4(d) authorizes the creation of an administrative agency to perform the services involved.

In our view article 1015c-1 and article 4413(32c) should be read together in this context. Section 6 of article 1015c-1 as well as section 4 of article 4413(32c) provide for control over the administration and operation of recreational facilities and programs by the contracting units of local government. Accordingly, in our opinion the authority of a city-county recreation board to expend funds is a matter to be determined by agreement between the city and county governing bodies. If such an agreement so provides, the provisions of the charter of the city may be made applicable to the board.

### S U M M A R Y

The authority of a city-county recreation board to expend funds as well as the applicability of city charter provisions are matters to be determined by agreement between the city and county on whose behalf the board operates.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw